IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN SEGAL, NICK HAMMER, ROBIN HOUGDAHL, and TODD TERRY, on behalf of themselves and all other similarly situated<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>RAYMOND BITAR; NELSON BURTNICK; FULL TILT POKER, LTD.; TILTWARE, LLC; VANTAGE, LTD; FILCO, LTD.; KOLYMA CORP. A.V.V.; POCKET KINGS LTD.; POCKET KINGS CONSULTING LTD.; RANSTON LTD.; MAIL MEDIA LTD.; HOWARD LEDERER; PHILLIP IVEY JR.; CHRISTOPHER FERGUSON; JOHNSON JUANDA; JENNIFER HARMAN-TRANIELLO; PHILLIP GORDON; ERICK LINDGREN; ERIK SEIDEL; ANDREW BLOCH; MIKE MATUSOW; GUS HANSON; ALLEN CUNNINGHAM; PATRICK ANTONIUS and JOHN DOES 1-100<br>　　　　　　Defendants. | Civil Action No.: 11-CV-4521 (LBS) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME  AND FOR OTHER MISCELLANEOUS RELIEF**

　　　　Defendants, MIKE MATUSOW, ERIK SEIDEL, ANDY BLOCH, and ALLEN CUNNINGHAM, by and through their attorneys, hereby respectfully move this Court for an extension of time and for other miscellaneous relief.  Specifically, Defendants move this Court for the following relief: (1) an immediate evidentiary hearing as to whether this Court has personal jurisdiction over the Defendants; (2) an extension of time of 10 days to move to dismiss Plaintiffs' Complaint in the above-referenced case for lack of personal jurisdiction; and (3) an

extension of time to respond to Plaintiffs' Motion for Preliminary Injunction Imposing a Constructive Trust, An Accounting, and Expedited Discovery (hereinafter "Plaintiffs' PI Motion").  In support of their Motion, Defendants state as follows:

Defendants were only served with the Complaint in this case on various dates after Plaintiffs filed Plaintiffs' PI Motion on July 7, 2011 – some as recently as two days ago.  This Court issued an Order to Show Cause on July 7, 2011, requiring Defendants to serve responding papers by Friday, July 15, 2011 and scheduling a hearing on Plaintiffs' PI Motion for Wednesday, July 20, 2011.  Defendants were served with process a few days prior to the filing of this Motion and have not had adequate time to review Plaintiffs' Complaint and motion papers.  Defendants are all out-of-state residents and members of the online poker company that offers the Full Tilt Poker™ virtual online card room.  Given their out-of-state status and Plaintiffs' failure to allege that these particular Defendants have control over the monies in question (*i.e.*, the account balances of Full Tilt Poker's U.S. players), Defendants have significant concerns as to whether this Court has personal jurisdiction over them and whether this Court could enforce a preliminary injunction against them.

Normally, Defendants would not raise these concerns at this stage of the proceedings, but Defendants believe that it is necessary in this case due to the position Plaintiffs have taken on the issue of personal jurisdiction.  On Friday, July 8, 2011, counsel for Defendants indicated to Plaintiffs' counsel that counsel would accept service of Plaintiffs' PI Motion only on behalf of Tiltware, and that acceptance of the motion papers did not constitute consent to service of the Complaint on behalf of Tiltware or Plaintiffs' PI Motion on behalf of any other Defendants in this case.  Plaintiffs' counsel indicated that he nevertheless planned to argue to the Court that service of Plaintiffs' PI Motion on Tiltware constituted service on the other Defendants as well.

It is appropriate for this Court to hold an immediate hearing to determine whether this Court has personal jurisdiction to enforce a potential order against these Defendants.  *See Rationis Enterprises Inc. of Panama v. Hyundai Mipo Dockyard Co., Ltd.*, 426 F.3d 580, 584 (2d Cir. 2005) (vacating injunction and remanding to district court with instructions to conduct an evidentiary hearing to first determine whether personal jurisdiction over defendant exists); *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 261 (2d Cir. 2001) (holding that district court erred by issuing an injunction without first holding an evidentiary hearing to determine personal jurisdiction).

Accordingly, based on Plaintiffs' counsel's statements, Defendants seek the following relief before the Court considers the merits of Plaintiffs' PI Motion as to these Defendants: (1) an immediate evidentiary hearing as to whether this Court has personal jurisdiction over the Defendants; (2) an extension of time of 10 days for Defendants to file a motion to dismiss Plaintiffs' Complaint in the above-referenced case for lack of personal jurisdiction; and (3) an extension of time to respond, if necessary, to Plaintiffs' PI Motion 10 days after the Court issues a ruling as to whether the Court has personal jurisdiction over the Defendants.

Defendants have not previously requested an extension of time from this Court. Undersigned counsel contacted Plaintiffs' counsel on Friday, July 15, 2011, regarding Defendants' Motion for Extension of Time and for Other Miscellaneous Relief.  Plaintiffs' counsel indicated that he did not take a position as to this Motion.

## **CONCLUSION**

For the foregoing reasons, Defendants request that this Court order: (1) an immediate evidentiary hearing as to whether this Court has personal jurisdiction over the Defendants; (2) an extension of time of 10 days to move to dismiss Plaintiffs' Complaint in the above-referenced

case for lack of personal jurisdiction; and (3) an extension of time to respond, if necessary, to Plaintiffs' PI Motion 10 days after the Court issues a ruling as to whether the Court has personal jurisdiction over the Defendants.

Dated: July 15, 2011                    Respectfully submitted,


                                                          /s/   A. Jeff Ifrah
A. JEFF IFRAH (Bar No.: AI1627)
Email: jeff@ifrahlaw.com
DAVID B. DEITCH (Bar No.: DD9900)
Email: ddeitch@ifrahlaw.com
IFRAH PLLC
1717 Pennsylvania Avenue, Suite 650
Washington, D.C. 20006-2004
Telephone: (202) 524-4140
Facsimile:  (202) 524-4141

Attorneys for Defendants,
*Mike Matusow, Erik Seidel, Andy Bloch, and Allen Cunningham*